IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, in the interest of Cotrell Thevaugh Lillard Knight; | **8:26CV12** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, | |
| Defendant. | |

This matter is before the Court on the Complaint, Filing No. 1, filed by Plaintiff Phyllis M. Knight ("Plaintiff") on behalf of her son, Cotrell Thevaugh Lillard Knight ("Knight"). Plaintiff has been given leave to proceed in forma pauperis. Filing No. 8. The Court now conducts an initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the Complaint without prejudice.

## I. SUMMARY OF COMPLAINT

On January 8, 2026, Plaintiff filed her Complaint on behalf of Knight using the Form Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner), and only Plaintiff signed the Complaint. Filing No. 1; Filing No. 1-1. Attached to the Complaint is a document titled "28 U.S.C. § 1443 – Civil Rights Cases Joint Notice of Removal in Two Case's [sic] Arising From the Same Unlawful Action" and captioned in the County Court of Douglas County, Nebraska, State of Nebraska v. Cotrell T. Knight, Case No. CR25-20729 and Case No. CR25-20735 (hereinafter the "Criminal Cases"). Filing No. 1 at 10–14.

Liberally construing the Complaint and the Notice of Removal, Plaintiff seeks to remove the Criminal Cases to this Court because she claims Knight was arrested without probable cause for driving under the influence ("DUI") on December 5, 2025, and his vehicle was unlawfully seized and subjected to an unwarranted inventory search resulting in "a false felony charge of Criminal Possession of a Financial Transaction Device" in Case No. CR25-20729. *Id*. at 4, 12. A search of Knight's state court records, available to this Court online, do not return any results for Case No. CR25-20729.[1] However, Knight's state court records show that a complaint was filed in Case No. CR25-20735 on December 5, 2025, charging Knight with an infraction and five misdemeanor counts, including first offense DUI, and, as a condition of Knight's pretrial release, he was required to participate in the 24/7 Sobriety Program. Knight violated the terms of the 24/7 Sobriety Program on multiple occasions and was sanctioned with time in custody. On February 25, 2026, Knight appeared in the Douglas County Court with his appointed counsel, and pleaded no contest to first offense DUI and the State dismissed the other five counts. The county court sentenced Knight to a six-month license revocation, ten days in jail, and a $500 fine with credit for time and costs served.[2]

---

[1] The Court's search for Case No. CR25-20729 only returned a notation that case information may not be available because of state law and sealed records are not publicly available. This strongly indicates Case No. CR25-20729 against Plaintiff was dismissed as Nebraska criminal cases ending in dismissal are sealed under state law *See* Neb. Rev. Stat. § 29-3523(3)(c) ("[I]n the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from the public record as follows: . . . (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, . . . (iii) after acquittal, . . . [or under other specified circumstances], the criminal history record information shall not be part of the public record immediately . . . after the entry of an order dismissing the case.").

[2] The Court takes judicial notice of the state court records in *State v. Cotrell T. Knight*, CR25-20735, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial

## II. DISCUSSION

The Court is required to review in forma pauperis complaints and must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, the Court finds dismissal is appropriate as Plaintiff cannot remove her son Knight's Criminal Cases to this Court on his behalf.

As indicated above, Plaintiff filed this action pro se "in the interest of Cotrell Thevaugh Lillard Knight." Filing No. 1 at 1 (capitalization omitted). However, Plaintiff is not an attorney licensed to practice in this Court. While pro se individuals have an absolute right to represent themselves, pro se parties may not represent the interests of other parties. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). This holds true even when the pro se individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). "While there are some situations in which parents may bring *pro se* claims on behalf of their children—such as an application for Social Security benefits—'no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law.'" *Nunley v. Erdmann*, No. C14-4016, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010)).

records    may    be    retrieved    on-line    through    the    JUSTICE    site, https://www.nebraska.gov/justice/case.cgi.

Liberally construed, Plaintiff asserts that she may bring this action on behalf of Knight as his next friend pursuant to Fed. R. Civ. P. 17(c), which permits a general guardian or like fiduciary to sue on behalf of a minor or incompetent person. However, Knight is not a minor nor is there any indication that he is incompetent and cannot litigate his own affairs. As all the claims raised in the Complaint relate to the purported illegality of the Criminal Cases against Knight, Plaintiff is not the real party in interest and lacks standing to pursue claims on Knight's behalf.

As Plaintiff is not an attorney and cannot represent Knight's interests in this litigation, the Court concludes this case is a nullity and "the defect cannot be amended." *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (adopting the reasoning of *Davenport v. Lee*, 72 S.W.3d 85, 94 (Ark. 2002)). As Plaintiff has been previously warned, continued submission of filings in this Court on behalf of her son may result in the imposition of sanctions against her. *Knight in interest of Knight v. Nebraska*, No. 8:24CV458, 2025 WL 1080012, at *3 (D. Neb. Apr. 10, 2025) (citing *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *2 (D. Neb. Oct. 23, 2007)).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. The Court shall enter a separate judgment.

3. Plaintiff's pending motion for preliminary injunction and temporary restraining order, Filing No. 9, is denied as moot.

Dated this 29th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5